IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| SCOTT MEYERS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | No. 4:12-CV-352-A[1] |
| | § | |
| TEXTRON INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

ORDER OF DISMISSAL AND SEVERANCE

Came on to be considered the motion of defendant Ernst & Young LLP ("E&Y") to dismiss for lack of subject matter jurisdiction. Though the time for the filing of a response to such motion has expired, none of the plaintiffs, Scott Meyers, Susan Meyers, or Rocky Mountain Choppers, LLC, has filed a response. The motion is supported by the declaration of Clint McDonnough that establishes that E&Y is a citizen of the State of Texas by virtue of the fact that it is a limited liability partnership that has partners who are citizens of the State of

---

[1] Case No. 4:12-CV-352 is a consolidated action that includes the cases that originally were carried on the court's docket as Case Nos. 4:12-CV-352 and 4:12-CV-353. Those two cases were consolidated by an order of consolidation signed by District Judge Terry R. Means on June 14, 2012, while the cases were pending on his docket. The order of consolidation directed that "[a]ll future documents filed shall bear the number '4:12-CV-352-Y' and the legend '(Consolidated with 4:12-CV-353-Y).'" June 14, 2012 Order of Consolidation. When Judge Means ordered Case No. 4:12-CV-352 (Consolidated with 4:12-CV-353) transferred to the docket of the undersigned, he directed that "[a]ll future filings in this case shall bear the number 4:12-CV-352-A." Sept. 30, 2012 Order of Transfer. By the order of transfer, Judge Means did not unconsolidate the cases, but simply redefined the number that should be carried in the caption of the cases, as consolidated under Case No. 4:12-CV-352.

Texas. Therefore, there is lack of complete diversity of citizenship between plaintiffs and defendants, with the consequence that the court lacks subject matter jurisdiction over at least a part of the above-captioned case as consolidated.

While the motion to dismiss filed by E&Y on September 4, 2012, appears to be directed to the entire action bearing Case No. 4:12-CV-352, as consolidated with 4:12-CV-353,[2] the court is treating it as a motion directed solely to the complaint by which Case No. 4:12-CV-352 was initiated on June 1, 2012, which case bears the caption "Scott and Susan Meyers and Rocky Mountain Choppers, LLC, Plaintiffs, v. Textron, Inc., Ernst & Young LLP, and Textron Financial Corporation, Defendants." Based on the information provided by E&Y with its motion to dismiss, the court clearly lacked subject matter jurisdiction over that complaint because of lack of complete diversity of citizenship between the plaintiffs and defendants in that action. A different situation exists as to the action that originated with the filing of the complaint that initiated Case No. 4:12-CV-353 on June 1, 2012. In that action, Rocky Mountain Choppers, LLC, is the only plaintiff and Textron Financial Corporation is the only

---

[2] The suffixes "A" and "Y" on the case numbers are eliminated from the case numbers used in the body of this order inasmuch as a suffix does not define or identify a case but simply identifies the judge to whose docket the case is assigned.

defendant. The court has not been provided information to cause the court to believe that complete diversity of citizenship does not exist between those parties.

Therefore, the court is severing the action that originally was docketed on June 1, 2012, as Case No. 4:12-CV-352 from the action that originally was docketed on June 1, 2012, as Case No. 4:12-CV-353, and the court is dismissing for want of subject matter jurisdiction the case that originally was docketed as Case No. 4:12-CV-352. See Cella v. Toqum Constructeur Ensemleier, 173 F.3d 909, 912-12 (3d Cir. 1999). The court also is setting aside the administrative closing of Case No. 4:12-CV-353 that was ordered by the order Judge Means signed June 14, 2012, so that Case No. 4:12-CV-353 shall serve as an ongoing vehicle for the action that is being severed by this order from the originally filed 4:12-CV-352 as consolidated.

Another matter to be considered at this point is the procedural posture of the motion filed by Textron Financial Corporation on August 29, 2012, for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against Scott Meyers, Susan Meyers, and Cynthia Cole of Bell Nunnally Martin, LLP. The text of the motion makes clear that the motion complains of the filings of the complaints, and the allegations in the complaints, by which both case numbers 4:12-CV-352 and 4:12-CV-

3

353 were initiated, and pursuant to which those actions have been pursued. The court has concluded that, under the circumstances, the court should sever the motion for sanctions into a miscellaneous action, to be prosecuted in the miscellaneous action separate from either of the main cases.

Therefore,

The court ORDERS (1) that the complaint that originally was filed and docketed on June 1, 2012, as Case No. 4:12-CV-353 be, and is hereby, severed out of the above-captioned action as consolidated so that the original Case No. 4:12-CV-353 will be carried from this point forward on the docket of this court as Case No. 4:12-CV-353, (2) that the closing of Case No. 4:12-CV-353 administratively by reason of the order Judge Means signed June 14, 2012, be, and is hereby, set aside, and (3) that the style and cause number to be used in connection with such severed action, and all documents filed with the clerk for inclusion in such action, be as follows:

| ROCKY MOUNTAIN CHOPPERS, LLC., | § § § | |
|---|---|---|
| Plaintiff, | § § | |
| VS. | § § | No. 4:12-CV-353-A |
| TEXTRON FINANCIAL CORP., | § § | |
| Defendant. | § | |

4

The court further ORDERS that the motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure that Textron Financial Corporation filed in the above-captioned action on August 29, 2012, be, and is hereby, severed into a separate miscellaneous action to be carried on the docket of this court as Case No. 4:12-MC-015-A, styled "In re Motion for Sanctions Against Scott Meyers, Susan Meyers, and Cynthia Cole of Bell Nunnally & Martin LLP."

The court further ORDERS that any document filed that pertains to such motion for sanctions be captioned with the style and miscellaneous number stated above and be filed and docketed in such miscellaneous action.

The court further ORDERS that such motion for sanctions and its supporting appendix be placed by the clerk of court in a new file created for miscellaneous Case No. 4:12-MC-015-A, and that such documents be shown on the docket of such miscellaneous action.

The court further ORDERS that the action filed June 1, 2012, as Case No. 4:12-CV-352, styled "Scott and Susan Meyers and Rocky Mountain Choppers, LLC, Plaintiffs, v. Textron, Inc., Ernst & Young LLP, and Textron Financial Corporation, Defendants," be, and is hereby, dismissed for want of subject matter jurisdiction.

The court further ORDERS that the dismissal ordered above be entered as the final judgment in the action remaining, after the severances ordered above, as Case No. 4:12-CV-352. The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED September 26, 2012.

_____
JOHN McBRYDE
United States District Court